OPINION OF THE COURT
William J. Regan, S.
Thomas E. Lyden, testator herein, died in the County of Erie leaving a last will and testament dated July 30, 1974, *921 which was admitted to probate in this court on December 29, 1977. Article "ninth” of the last will and testament provided that one half of the testator’s residuary estate be distributed to the testator’s surviving grandchildren in equal shares. Under article "tenth” of the will, the testator specifically disinherited his only child, a son, Thomas J. Lyden.
It is stipulated by the parties that the testator’s son, Thomas J. Lyden, has had little or no contact with his father since he was approximately 17 years old. It is further stipulated that Thomas J. Lyden has six children, one of whom being the respondent, Todd Michael Lyden, who was born out of wedlock on January 5, 1974. On January 7, 1974, Thomas J. Lyden executed a certificate of paternity before a notary public wherein and whereby he acknowledged being the father of Todd Michael Lyden.
The issue presented to this court is whether or not Todd Michael Lyden is entitled to a one-sixth share of the residuary bequest to surviving grandchildren under article "ninth” of the will of the testator herein.
The well-established rule is that the courts construe language used in wills by reference to the testator’s intended meaning. (Matter of Jones, 38 NY2d 189; Matter of Thall, 18 NY2d 186.) This intention is to be ascertained from a reading of the four corners of the will. (Matter of Kosek, 31 NY2d 475.)
Matter of Hoffman (53 AD2d 55) enunciates the rule that a testator’s use of terms such as "issue”, "child” or "children”, should be construed to include illegitimate descendants unless a clear contrary intention of the testator can be shown. The testator herein did not attempt in article "ninth” of his will to limit the class of "grandchildren” in any way. He named no individuals nor indicated a specific exclusion of any of them.
It is the court’s decision, therefore, that the word "grandchildren” should be construed to refer to legitimate and illegitimate descendants alike in the absence of any express qualification by the testator, and therefore the respondent, Todd Michael Lyden, is entitled to one-sixth share of the residuary bequest under article "ninth” of the last will and testament of Thomas E. Lyden. This matter is being placed on the 10:15 calendar for November 22, 1978, to fix and determine legal fees.